**People of the State of Illinois, Plaintiff-Appellee, v. Frank Hahn, Defendant-Appellant.**

Gen. No. 11,098.

Fourth District.

November 6, 1969.

John T. Phipps, of Champaign, for appellant.

Lawrence E. Johnson, State's Attorney of Champaign County, of Urbana (Kenneth E. Baughman, of counsel), for appellee.

CREBS, J., delivered the opinion of the court.

The defendant appeals from a jury's verdict finding him guilty of the crime of escape and from the court's order sentencing him to the penitentiary for a period of from five to ten years.

Defendant raises five points for review.

First, whether or not the State established all the necessary elements of the alleged crime beyond a reasonable doubt. An examination of the record leaves no doubt as to defendant's guilt. Defendant poses certain questions not answered at the trial. These concerned matters unconnected with elements of the offense, and hence the State was not required to offer proof as to such matters.

Second, whether or not the jury was improperly instructed concerning the necessary elements of the alleged crime; and whether or not defendant was actually

convicted of a lesser included offense and acquitted of the felony charge.

■ The objection now raised is in regard to People's Instruction No. 3. No specific objection was raised to this instruction at the conference on instructions, nor was this objection raised in the post-trial motion. Under these circumstances, even if we were to assume that the instruction was improper, the objection has been waived.

The third point is whether or not defendant is entitled to a new trial as a result of the unavailability of a key defense witness. This witness, McMahan, was present but refused to testify, claiming privilege against self-incrimination. At the time of the defendant's trial McMahan was charged with the same offense as the defendant. The day after defendant's conviction McMahan entered a plea of guilty. Subsequent to his conviction McMahan made an unsworn statement alleging facts which might have aided defendant. Defendant contends that the unavailability of this testimony constituted a denial of due process.

■ While this argument appears persuasive, it does not stand examination. Where two parties have committed the same offense, the State has a right to indict either jointly or severally. When they are indicted in separate indictments there is no basis for a joint trial. If they are tried separately, it necessarily follows that one must be tried first. Whichever case is tried first, the other defendant could refuse to testify on the grounds of possible self-incrimination.

The fourth assignment of error is that the court erred in refusing to give defendant's tendered instruction concerning the defense of entrapment required by the sufficiency of the evidence presented by the defense.

■ The evidence in this regard was to the effect that the bars in the cell block could be removed, and this condition had not been repaired when other repairs were made; also, that the security check was lax. Even so,

defendant had to form the intent to leave and, in this case, to also make a hole in the roof. There was no evidentiary basis for an instruction on the defense of entrapment.

Finally, it is contended that the sentence imposed by the court in this case should be modified to carry out the original intent of the trial court that the defendant receive credit on the Illinois sentence for time he would serve in a Wisconsin penitentiary prior to the commencement of the Illinois sentence.

It is clear from the record that at the time of sentencing the trial court knew the defendant was incarcerated in the State of Wisconsin. The court specifically noted this fact, fixed a sentence of not less than five nor more than ten years, and then provided: "Said sentence to run concurrently with any sentence which defendant is now serving in this State or any other state."

So far as this record indicates, the only other sentence to which the defendant was then subject was the Wisconsin sentence, which is not specifically described but which the defendant said started in 1967 and was for a term of five years. The record indicates that the Wisconsin sentence would terminate in 1970. There is an extradition agreement in the record by the terms of which the Governor of Wisconsin permitted the defendant to be returned to Champaign County, Illinois, for trial on pending charges subject to his return to the Wisconsin institution at the conclusion of the Illinois proceedings.

After the attempted imposition of sentence to be concurrent with the Wisconsin sentence, counsel for the People correctly advised the court that there was no statutory authorization specifically permitting of an Illinois sentence to be concurrent with a Wisconsin sentence. Section 119–2(e) of chapter 38, Ill Rev Stats 1967, does provide that a State prisoner could serve time concurrently with a federal sentence in a federal institution. There is no reference to institutions of other states. Hav-

265

ing been advised on this point, the trial court vacated the foregoing sentence and sentenced the defendant to the Illinois State Penitentiary for an indeterminate term of not less than five nor more than ten years and ordered the defendant delivered to the Department of Public Safety. At this point counsel advised of the agreement between the Governor of Wisconsin and the Governor of Illinois to return the defendant to the State of Wisconsin. There was no further change in the sentence, it being concluded that the extradition agreement would be self-executing.

The trial court has now lost jurisdiction to exercise the option he sought to exercise with reference to the sentence. While the Illinois sentence cannot be made to be concurrent with the Wisconsin sentence, that which the trial court clearly indicated he intended to do can be effected by a reduction in the minimum of the Illinois sentence to give credit for time served in Wisconsin. To do so would be in accord with the American Bar Association Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures (Approved Draft 1968), section 3.5(b)(iii), which recommends against imposition of a sentence in a state to be served consecutively to an out-of-state sentence previously imposed. This is but a recommendation, but the reasons assigned for the recommendation are persuasive.

The effect upon the defendant in vacating the original sentence and reimposing a sentence that would give no credit (by reduction of the minimum) for the time served in the Wisconsin institution amounted to an enhanced penalty. We believe a fair interpretation of the record necessarily leads to the conclusion that the trial court intended no such enhanced penalty. That determination must, in fact, be made by the trial court, and for that purpose

it is appropriate that the sentence imposed be vacated and the cause remanded to the Circuit Court of Champaign County for reimposition of sentence.

Judgment affirmed; sentence vacated and cause remanded for reimposition of sentence.

TRAPP, P. J. and CRAVEN, J., concur.